IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-13-JJF |
| | : | |
| DEMETRIUS BROWN, | : | |
| | : | |
| Defendant. | : | |

**PRE-TRIAL MOTIONS OF DEFENDANT DEMETRIUS BROWN**

COMES NOW, the Defendant, Demetrius Brown, by and through his counsel, John P. Deckers, Esquire, pursuant to Federal Rule of Criminal Procedure 12, and respectfully requests that this Court grant relief as set forth within the following motions. Defendant Brown will be prepared to file a letter memorandum or a brief in support of the subject motions, pursuant to the directives of the Court, and after a hearing elicits all relevant facts. In support of his various motions, the Defendant more specifically asserts the following:

1.  On December 9, 2005, Wilmington Police Officer Cpl. Thomas Looney (hereinafter "Looney") seized an unoccupied motor vehicle that was parked in the 2300 block of N. Pine Street in Wilmington. The vehicle is more particularly described as a silver Chevrolet Lumina bearing a temporary Delaware registration. Looney seized the vehicle after allegedly observing, on the front passenger seat and in the pouch on the rear of the driver's seat, several plastic bags containing a substance, which appeared to be crack cocaine.

2.  During the course of seizing the vehicle and inventorying its contents, the Wilmington Police (hereinafter "WPD") attempted to remove fingerprints from the interior of vehicle. In addition, the WPD set aside numerous personal items, including alleged drug

paraphernalia, in order to process them for fingerprints. Upon information and belief, the undersigned counsel does not believe that the WPD retrieved the defendant's latent fingerprints from either the car or its contents.

3. The undersigned counsel believes that the government intends to establish the defendant's constructive ownership and possession of the vehicle and its contents by soliciting the testimony of Looney, who allegedly observed the defendant driving the vehicle, as well as the testimony of the registered owner, who allegedly sold the vehicle to the defendant. In addition, on December 8, 2005, Looney allegedly received information from a "past proven reliable informant" that the defendant was operating the Chevy Lumina and that he keeps a large quantity of crack cocaine in the vehicle.

4. During the evening hours of <u>December 14, 2005</u>, WPD Detective Charles Emory (hereinafter "Emory") was conducting surveillance of the 2200 Block of North Pine Street from a raised platform. Emory attempted to record the street activities by video. Over the course of two hours and sixteen minutes, Emory reportedly observed an individual engage in what appeared to be about a dozen drug transactions. Emory later identified the defendant (as the person engaging in the alleged drug transactions) by looking at a photograph.

5. At approximately 11:00 p.m. on that same evening, the defendant was seen driving a Ford Crown Victoria. Members of the WPD stopped the vehicle and arrested the defendant and a passenger. WPD Detective Daniel Silva reported that the defendant was in possession of a plastic bag containing less than five grams of crack cocaine.

6. The defendant was subsequently charged by the Grand Jury in a two-count Indictment alleging that, on December 9, 2005, he possessed with intent to distribute more than fifty grams of crack and that, on December 14, 2005, he possessed with intent to distribute crack

cocaine. These acts are alleged to be in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and (b)(1)(C) respectively.

## I.     MOTION TO SEVER COUNTS

7.     Mr. Brown respectfully requests that this Court sever the two counts of the Indictment pursuant to Rules 8 and 14 of the Federal Rules of Criminal Procedure. Mr. Brown acknowledges that Federal Rule 8(a) provides authority for the government to join two or more offenses in the same indictment "if the offenses charged . . . are of the same or similar character or are based on the same act . . . or on two or more acts . . . connected together or constituting parts of a common scheme or plan."

8.     Rule 8(a) is not conclusive, however, on the question of whether those charges may be severed for trial purposes. Rule 14 specifically contemplates a post-indictment severance of offenses "if it appears that a defendant . . . is prejudiced by a joinder of offenses . . . "

9.     The government intends to introduce the testimony of police officers in order to establish the commission of the two criminal acts. In order to prove "possession" on the two different occasions, however, the government will rely upon various forms of circumstantial and direct evidence. Upon information and belief, the undersigned counsel submits that no person and no forensic evidence will specifically identify the defendant as the owner/possessor of the 50+ grams of crack seized from the Chevrolet Lumina on December 9, 2005. Primarily, the State will rely upon the registered owner's testimony that the defendant purchased the vehicle from him, as well as a police officer's testimony that Mr. Brown was seen driving the vehicle on December 8th and that he was seen in the vicinity of the vehicle on December 9th. As for the December 14th incident, on the other hand, the government will attempt to introduce eyewitness testimony and a videotape that purports to depict Mr. Brown as engaging in hand-to-hand drug

transactions, as well as eyewitness testimony that Mr. Brown was, in fact, in possession of less than five grams of crack when he was detained by the police.

10. The Courts have recognized that severance is warranted in cases where a jury may be influenced by the cumulative effect of differing types of circumstantial and direct evidence linking the Defendant to the offenses. See *Drew v. United States*, 331 F.2d 85 (D.C. Cir. 1964); *United States v. Winchester*, 407 F. Supp 261 (D. Del. 1975).

This is, also, a case in which the diversity of evidence mandates severance. Specifically, the videotape and eyewitness testimony regarding the December 14th event -- if sufficiently linked to Mr. Brown -- will tend to produce exceedingly persuasive direct and circumstantial evidence of possession with intent to deliver. No similar evidence can be produced by the government in the more significant December 9th event (listed in Count I of the Indictment). Mr. Brown submits that a joint trial of all offenses will cause him to suffer irreparable prejudice because the jury will cumulate the evidence of the various crimes, and the jury will use the evidence of the December 14th event to infer a general criminal disposition. In such circumstances, severance is mandated. The conduct charged in Counts I and II are sufficiently similar that the jury may well confuse the evidence on the various counts. These multiple counts may also engender hostility in the jury and cause them to convict on Count I when they might not do so if Mr. Brown was tried on that count alone.

It is unlikely that (in the event of a severance) evidence of the alleged acts on December 14th would be admissible in a separate trial to prove guilt on the December 9th alleged offense. The Federal Rules of Evidence preclude "evidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Rule 404(b). There are exceptions to this general rule, including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. While the

government may be able to argue successfully that evidence of Count II somehow fits within one of the Rule 404(b) exceptions with regard to the charge contained in Counts I, the Court can nevertheless exclude the evidence if the Court finds that the probative value of the evidence "is substantially outweighed by the danger of unfair prejudice . . ." Fed. R. Evid. 403.

Where, as in Count I of the Indictment, the identity of the actor is an essential, disputed issue, "it is perfectly proper and, indeed, necessary, to exclude other act evidence unless 'it bears such a high degree of similarity as to mark it as the handiwork of the accused.'" *Carter v. Hewitt*, 617 F.2d 961, 968 (3d Cir. 1980)(citing *United States v. Goodwin*, 492 F.2d 1141, 1154 (5th Cir. 1974); *Drew v. United States*, Supra. Moreover, the type of evidence accumulated against the defendant in Count II obviates the need for consolidation of the charges. The eyewitness testimony and the evidence of direct possession by the defendant, if sufficiently established, will minimize the government's need to show a *modus operandi* through proof of multiple offenses.

## II. MOTION TO DISCLOSE INFORMATION REGARDING THE CONFIDENTIAL INFORMANT

11. It has been specifically alleged by the Government that, on or about December 8, 2005, a past proven and reliable source advised the WPD that the Defendant was operating a Chevy Lumina and, moreover, that he keeps a large quantity of crack cocaine in the vehicle. No specific information has been provided regarding the informant's means of knowledge.

12. Mr. Brown asserts that the identity of, and access to, the confidential informant is essential to effective representation of Mr. Brown, in both the presentation of a defense, and the discovery of exculpatory information. *Brady v. Maryland*, 373 U.S. 83 (1963); *Washington v. Texas*, 388 U.S. 14 (1967). Moreover, Mr. Brown asserts the need for the following additional disclosures:

      a)    Any information regarding the informant which suggests that s/he was under the influence of alcohol, narcotics, or other drugs at the time of his/her interaction with the police, or any other information which suggests that the witness'/informant's faculties of observation were likely impaired. *United States v. Sampol*, 636 F.2d 621 (D.C. Cir. 1980);

      b)    the length of, and extent of, the witness' informant status;

      c)    the amount paid to the informant;

      d)    specific details pertaining to non-monetary assistance also provided to the informant including, but not limited to, assistance in avoiding or minimizing exposure to prosecution for charges pending against the informant, either at the time of the assistance and/or any other time through the day at trial;

      e)    all benefits, promises of benefit, conditional or otherwise, that were made to the informant in connection with this case, whether or not fulfilled. "Benefit" refers to any monetary compensation, assistance of the prosecutor or the court concerning pending charges against the informant, or any other sort of consideration of value;

      f)    the nature of assistance provided in the past by the informant, including the number of occasions and form(s) of help.

13. In *Roviaro v. United States*, 353 U.S. 53, 60 (1957) the Supreme Court acknowledged an accused's entitlement to the disclosure of the identity of an informant whenever "the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause."

14. A balancing test has been utilized to determine whether the identity and location of the informant should be kept secretly. *See e.g., United States v. Ayala*, 643 F.2d 244, 246 (5th Cir. 1981). In this case, Mr. Brown's right to counter the government's evidence and to present a defense certainly trumps the government's interest in maintaining the informer's confidentiality.

15. In order to adequately prepare a defense and assess the statements and role of the informant, the defense must also be provided with the informant's prior testimony while acting as an informant, *Giordano v. United States*, 394 U.S. 310 (1969), *Johnson v. Brewer*, 521 F.2d 556 (8th Cir. 1975); any promises or inducements made or received for consideration, *Giglio v.*

6

*United States*, 405 U.S. 150 (1972); information regarding the informant's drug or chronic alcohol history, *United States v. Fowler*, 465 F.2d 664 (D.C. Cir. 1972); any psychiatric history of the informant, *United States v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983); and the criminal history of the informant, *Williams v. Griswald*, 743 F.2d 1153 (11th Cir. 1984), *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980).

16.  In this case, the informant's identity could lead to exculpatory information because of the likelihood that the seized contraband was neither owned nor possessed by Mr. Brown. *Roviaro* also recognized the legitimate need of defense counsel to interview all relevant witnesses. 353 U.S. at 64. ("[t]he desirability of, ... at least interviewing [the confidential informant] in preparation for trial, [is] a matter for the accused rather than the government to decide"). Likewise, in other contexts, the Supreme Court has held that an interest in confidentiality is overcome when the accused's right of confrontation is at stake. *See Davis v. Alaska*, 415 U.S. 308 (1974) (accused is entitled to cross-examine prosecution witness regarding his juvenile probationary status notwithstanding the interest in confidentiality of juvenile adjudications).

17.  The information sought, in addition to the informant's identity, relates directly to the credibility of the informant and his/her bias and is therefore relevant to impeaching the informant and providing the defense with exculpatory information. Mr. Brown has a constitutional right to explore the informant's bias and credibility on cross-examination. *Giglio v. United States*, 405 U.S. 150 (1972); *Giles v. Maryland*, 386 U.S. 66 (1967); *Napue v. Illinois*, 360 U.S. 264 (1959) (denial of due process occurred where prosecutor failed to correct prosecution witness who testified perjuriously that he had received no promise of consideration

in exchange for his testimony). *See also Villaromen v. United States*, 184 F.2d 261, 262 (D.C. Cir 1950) ("Bias of a witness is always relevant.

### III.   MOTION TO SUPPRESS EVIDENCE

18.   Mr. Brown respectfully requests that this Court suppress from use as evidence at trial any and all evidence seized in connection with the December 9, 2005 search of the automobile on the grounds that the search and seizure were made without probable cause and without first obtaining a search warrant.  Mr. Brown submits that the evidence was, therefore, obtained in violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

19.   Mr. Brown respectfully requests that this Court suppress from use as evidence at trial any and all evidence seized in connection with the December 14, 2005 arrest and search of the automobile, as well as any and all statements made by him, including those statements made in response to custodial interrogation and processing, as well as any unsolicited comments made in response to the search of the automobile, on the grounds that said evidence and statements were obtained in violation of the Defendant's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

### IV.   MOTION PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 12(d)(2).

20.   In order to afford an opportunity to move to suppress evidence under Rule 12(b)(3), Mr. Brown requests that the Government provide notice of its intention to use any evidence in its case in chief at trial which Mr. Brown would be entitled to receive under Rule 16. On February 10, 2006, Mr. Brown delivered a request for discovery pursuant to Rule 16; the government has responded to that request by providing two separate submissions, however, the Government's response appears to indicate that additional discoverable materials may be

forthcoming. Mr. Brown respectfully requests that a time deadline be set for the Government to provide to the defense all materials/evidence that the Government may use during its case in chief at trial. This information is hereby requested for the present purpose of determining whether any additional pre-trial motions must be filed.

### V.   MOTION PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 26.2

21.   In connection with the requested evidentiary hearing, Defendant further requests, pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure, that the Government disclose to defense counsel at least forty-eight hours prior to the hearing any statements, including grand jury testimony, of suppression hearing witnesses. This request is made in order to avoid delays in the conduct of the hearing.

WHEREFORE, for these reasons and any other reasons as shall appear to the Court after a hearing of this matter, Defendant Brown respectfully requests that this motion be granted and that the designated evidence and statements shall be suppressed from use as evidence at trial.

/s/ **JOHN P. DECKERS**
John P. Deckers, Esquire (#3085)
800 N. King Street
Suite 302
Wilmington, DE 19801
(302) 656-9850
Attorney for Defendant Brown

DATED:    May 1, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-13-JJF |
| DEMETRIUS BROWN, | : |
| Defendant. | : |

## ORDER

AND NOW, TO WIT, this _____ day of _____, 2006 the foregoing **Pre-Trial Motions of Defendant Demetrius Brown** having been heard and considered, it is hereby ORDERED:

_____

_____

_____

_____

_____
The Honorable Joseph J. Farnan, Jr.
United States District Court

## **CERTIFICATE OF SERVICE**

I, John P. Deckers, counsel for Petitioner, do hereby certify that on this 1st day of May, 2006, I electronically filed the attached document (Pre-Trial Motions of Demetrius Brown) with the Clerk of the District Court using CM/ECF which will send notification of the filing to the following registered participants:

RICHARD G. ANDREWS, Esquire
First Assistant U.S. Attorney
Nemours Building
1007 Orange Street, Suite 7100
P.O. Box 2046
Wilmington, DE 19899-2046

Richard.Andrews2@usdoj.gov

/s/ **JOHN P. DECKERS**
John P. Deckers, Esquire (#3085)
800 N. King Street
Suite 302
Wilmington, DE 19801
(302) 656-9850
Attorney for the Defendant Brown