IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-13-JJF |
| | ) |
| DEMETRIUS BROWN, | ) |
| | ) |
| Defendant. | ) |

**RESPONSE OF UNITED STATES TO DEFENDANT'S MOTION TO
DISCLOSE INFORMATION REGARDING CONFIDENTIAL INFORMANT**

**NOW COMES** the United States of America, by and through Colm F. Connolly, United States Attorney for the District of Delaware, and Richard G. Andrews, Assistant United States Attorney, and submits the following response to defendant's Motion to Disclose Information Regarding Confidential Informant. The government respectfully requests that the Court deny the defendant's motion.

1.  The Defendant is charged with two counts of possession with intent to distribute crack cocaine. The first count relates to a drug seizure on December 9, 2005. [The second relates to a drug seizure on December 14, 2005, and is irrelevant to the motion to disclose.] On December 8, 2005, a confidential informant (hereinafter, "CI") told Detective Looney of the Wilmington Police Department that "Meterman" a/k/a "Pac-eater" was selling crack cocaine in the 2200 block of Pine Street, that he was driving a Silver Chevy Lumina with a Delaware temp tag, and that "Meterman" kept a large amount of crack in the car. Detective Looney was familiar with Meterman, and knew that he was Demetrius Brown. The confidential informant had no further involvement in the case.

2.    Detective Looney drove to the 2200 block of Pine Street on December 8, 2005, and saw three men (one of them Demetrius Brown) standing next to a Chevy Lumina fitting the CI's description. Detective Looney conducted surveillance, and saw Brown get into the car and drive away.

3.    The next day, December 9, Detective Looney went to the same location, at about 9 p.m. He saw five people (three women and two men, one of whom was Demetrius Brown) standing in front of 2225 N. Pine Street. Brown was wearing the same clothes as the day before. Detective Looney told the group to move along. Detective Looney saw the Chevy Lumina parked in front of 2301 N. Pine Street. Detective Looney circled the block, and when he returned, he saw Brown at the door of the Lumina. Brown saw Detective Looney, and quickly walked away from the Lumina. Detective Looney came up and asked Brown who he was, to which he responded, "Donald Brown." Then Detective Looney asked him why he was lying about his name. Brown said in response that there were warrants out for him. Detective Looney told Brown to stand there, and, instead, Brown took off running. While running, Brown dropped two objects. Brown disappeared. Detective Looney went to where Brown had discarded the objects, and found a plastic electronic scale and a plastic bag containing a green plant like substance (i.e., marijuana). Detective Looney went to the Chevy Lumina, shone his flashlight inside it, and saw on the front passenger seat, seven knotted plastic bags containing an off-white chunky substance (i.e., crack cocaine). With the flashlight, Detective Looney saw another knotted plastic bag with crack cocaine inside the pocket behind the driver's seat. There was also an Al's Sporting Goods plastic bag on the back seat. The drugs in the car were seized and form the basis of the first possession with intent to distribute charge in the indictment.

4.  The 1997 Chevy Lumina was not registered to the Defendant.

5.  The Defendant filed a motion to disclose the identity of the CI. (D.I. 18, pp.5-8). Other than conclusorily alleging that "the informant's identity could lead to exculpatory information because of the likelihood that the seized contraband was neither owned nor possessed by [the Defendant]," the Defendant provides no factual basis for requesting disclosure of the CI's identity. In particular, the Defendant makes no allegation at all that disclosure of the CI's identity is relevant to the suppression hearing scheduled for June 7, 2006.

6.  The burden is on the defendant to show the need for the disclosure of confidential informant information. *See United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981). In the context of pretrial suppression, the defendant must show a likelihood that "disclosure will lead to evidence supporting suppression." *United States v. Brown*, 3 F.3d 673, 679 (3d Cir. 1993). The Defendant has made no such showing, and, as noted, has not even made any allegation that disclosure would assist him in litigating his suppression motion. The *Brown* Court held that a "defendant who merely hopes (without showing a likelihood) that disclosure will lead to evidence supporting suppression" has not met this burden. *Id.* Accordingly, his motion for informant information, in the context of the suppression motion, should be denied.

7.  In the context of the trial, his motion is also without merit.

8.  The standard for determining when a defendant's request for confidential informant information should be granted is set forth in *Roviaro v. United States*, 353 U.S. 53 (1957). *Roviaro* held that courts should balance the public interest in encouraging and protecting informants with a defendant's need for informant identity information to ensure a fair trial. 353 U.S. at 59-61. The *Roviaro* Court struck this balance in favor of the defendant where the confidential informant was the

3

sole participant, other than the defendant, in the charged transaction and where the informant could provide relevant testimony to support a defense of entrapment or to cast doubt on the identification of the defendant as the guilty party. In contrast, the Supreme Court in *McCray v. Illinois*, 386 U.S. 300 (1967), did not require the identification in a probable cause hearing of an informant whose information was the basis for a warrantless arrest because the informant's information did not bear on the fundamental question of "guilt or innocence." 386 U.S. at 311. In *Jiles*, the Third Circuit identified a "spectrum," on the extreme end of which are *Roviaro* and similar cases where the defendant is likely to prevail because he can show that the informant's identity must be disclosed to ensure a fair trial. 658 F.2d at 196-97. However, said the *Jiles* Court, "[a]t the other end of the spectrum, are cases in which the informant was not an active participant or eyewitness, but rather a mere tipster. In such cases courts have generally held that the informant's identity need not be disclosed." *Id.* at 197. *See also United States v. Almodovar*, 1996 WL 700267 at *8 (D. Del. Nov. 26, 1996) (government not required to identify tipsters); *United States v. Beckett*, 889 F. Supp. 152 (D. Del. 1995) (government required to provide information concerning confidential informants who will testify at trial).

9. The government does not intend to call the CI as a witness in Defendant's trial. Even if he were not a confidential informant, his tip was on December 8th, but the seizure did not occur until more than twenty-four hours later. The CI did not participate in the transaction that led to the Defendant's indictment, namely, the possession of the crack cocaine on December 9, 2005. There is no reason to believe the CI's testimony would establish the Defendant's "guilt or innocence." The CI in this case is a mere tipster, whose identity need not be disclosed.

**WHEREFORE**, for the reasons set forth above, the government respectfully requests that the Court deny the defendant's Motion to Disclose Information about the Informant.

                          Respectfully submitted,

                          COLM F. CONNOLLY
                          United States Attorney

BY: _/s/ Richard G. Andrews_
      Richard G. Andrews
      Assistant United States Attorney

Dated: May 30, 2006

**CERTIFICATE OF SERVICE**

I, Theresa A. Jordan, an employee with the United States Attorney's Office, hereby certify that on May 30, 2006, I electronically filed the foregoing:

**RESPONSE OF UNITED STATES TO DEFENDANT'S MOTION TO DISCLOSE INFORMATION REGARDING CONFIDENTIAL INFORMANT**

with the Clerk of the Court using the CM/ECF which will send notification of such filing to:

> John P. Deckers, Esquire
> 800 North King Street
> Suite 302
> Wilmington, DE 19801

*/s/ Theresa A. Jordan*