IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-13-JJF |
| ) | |
| DEMETRIUS BROWN, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE TO MOTION TO SEVER**

1.  The Defendant is charged with two counts of possession with intent to distribute cocaine base, a/k/a crack cocaine. One offense is charged on December 9, 2005; the other on December 14, 2005. On the first occasion, the Defendant had 77 grams of 87% pure cocaine base; and on the second, 4.3 grams of 90% pure cocaine base.

2.  The Defendant has filed a motion to sever. (D.I. 18, pp.3-5). The Defendant concedes that the two offenses are properly joined under Rule 8 of the Federal Rules of Criminal Procedure. (D.I. 18, p.3, ¶¶ 7 & 8). The Defendant, however, seeks severance under Rule 14 of the Federal Rules of Criminal Procedure.

3.  Both offenses require proof that the Defendant knowingly possessed a quantity of cocaine, and that he intended to distribute it. The Government's proof that the two substances were cocaine will come from one DEA chemist (Ramona S. Montreuil). The Government's proof that the Defendant had the intent to distribute will come primarily from one witness, Detective Emery, who watched the Defendant on December 14, 2005, make numerous hand-to-hand sales in the 2200

block of N. Pine Street, Wilmington. [If the Government were to call an expert witness to testify about hand-to-hand drug sales and the value of the seized crack cocaine, that would also be one witness who would testify about both seizures.] On the issue of knowing possession, however, the Government's proof would be, in regard to the first seizure, that Detective Looney saw the Defendant driving a particular Chevy Lumina on December 8, 2005, and saw the Defendant standing next to it on December 9, 2005; that at the time he was standing next to it, there were seven bags of crack cocaine on the passenger seat, in plain view; that the registered owner of the vehicle, an individual with multiple felony convictions, would say that he had sold the vehicle to the Defendant a couple of weeks earlier; and that when Detective Looney approached the Defendant as he was standing next to the Chevy Lumina, after a brief verbal exchange, the Defendant ran from Detective Looney, discarding a scale and 3.4 grams of marijuana as he ran. With regard to the second seizure, a different Wilmington police officer (Detective Silva) would say that when the Defendant was stopped in a different vehicle, he had the crack cocaine in his sleeve.

4. Both offenses took place in the 2200 block of N. Pine Street. The crack cocaine, in both cases, was packaged in similar fashion.

5. Severance is a matter committed to the District Court's discretion. It is, however, not favored for offenses that are properly charged together. It is not sufficient that the Defendant has an argument that "he would have a better chance of acquittal with separate trials." *Government of Virgin Islands v. Sanes*, 57 F.3d 338, 342 (3d Cir. 1995). He must be "prejudiced" by having the two charges tried together. Fed. R. Crim. P. 14; *see Sanes*, 57 F.3d at 341 (in order to obtain severance, defendant "must demonstrate that joinder would result in a 'manifestly unfair trial.'"). The Defendant says there is such a prospect in this case. The Defendant's concern is that the evidence

2

relating to December 14, 2005, is perceived as being stronger than that relating to December 9, 2005, and the Defendant is concerned that the December 14, 2005, evidence will be used to convict him not only of that offense, but also of the December 9, 2005, offense. The nub of the Defendant's legal argument is that this is unfair because, he suggests, the events of December 14, 2005, would not be admissible against the Defendant to prove his guilt on the December 9, 2005, transaction. The Government respectfully disagrees with this argument.

6. When the Government seeks to introduce evidence pursuant to Rule 404(b), there is a four-part test for admission of the evidence: "(1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted." *United States v. Givan*, 320 F.3d 452, 460 (3d Cir. 2003).

7. The events of December 14, 2005, would be admissible, and should be admissible, against the Defendant, in relation to the December 9, 2005, transaction, to prove "knowing possession," "intent to distribute," and "absence of mistake or accident." These purposes would be proper under Rule 404(b): "Evidence of other crimes ... may, however, be admissible for other purposes, such as proof of ... intent, ... knowledge, ... or absence of mistake or accident, ...." Since the Government has to prove the Defendant knowingly possessed the December 9 crack cocaine, and that he possessed it with the intent to distribute, offering evidence to prove these ultimate facts would be proper. *See id.* at 461. Evidence of crack cocaine sales on December 14 would logically be relevant to proving the Defendant's knowing possession and intent to sell the same substance five days earlier. *See id.* (upholding admission of evidence relating to a cocaine distribution *six years* earlier [1993] in order to prove knowledge and intent when heroin was found under the seat of a car

in which the defendant was a passenger in 1999). The evidence would also rebut the claim that the Defendant just happened to be next to the car full of drugs, that is, that his nearness to the drugs was an accident. *See United States v. Lopez*, 340 F.3d 169, 174 (3d Cir. 2003)(affirming decision to admit ten-year-old drug conviction to "rebut[] the defendant's anticipated claim of innocent association with, and lack of knowledge of, the heroin found near his bunk"); *Givan*, 320 F.3d at 461 (six-year-old conviction makes it "less likely that [the defendant] was simply in the wrong place at the wrong time.").

8.   Thus, the events of December 14 have a proper purpose and are relevant to that purpose in terms of proving the December 9 charge. The Court must then consider the Rule 403 balancing: Does the probative value of the December 14 evidence outweigh the potential for unfair prejudice? The unfair prejudice identified by the defendant does not seem weighty. The jury should not be confused by the evidence relating to two distinct drug crimes. There is little danger of the jury inferring a general propensity for criminal activity on the part of the defendant, since the activity on December 14 is essentially of the same character as that on December 9. It is not as though the Government is attempting to offer evidence that the defendant engaged in a drug-related shooting or some other activity that would cause the jury to think the defendant was committing all sorts of crimes. On the other hand, the December 14 evidence is quite compelling in relation to the defendant's intent to distribute crack cocaine, and nearly as probative in regard to the possession being knowing, and not by accident. Thus, the Rule 403 balancing supports the admission of the evidence. An appropriate jury instruction can, and should, be given. Therefore, the December 14 evidence is, and should be, admissible on the December 9 charge. Therefore, trying both counts

together will not unfairly prejudice the defendant, and there is therefore no reason to sever the charges.

Wherefore, the United States requests that the Court deny the Defendant's Motion to Sever.

>COLM F. CONNOLLY
>United States Attorney
>
>By: /s/ Richard G. Andrews
>Richard G. Andrews
>First Assistant United States Attorney

Dated: 9/28/06

## CERTIFICATE OF SERVICE

I, Sharon L. Bernardo, an employee with the United States Attorney's Office, hereby certify that on September 28, 2006, I electronically filed the foregoing:

### RESPONSE TO DEFENDANT'S MOTION TO SEVER

with the Clerk of the Court using the CM/ECF which will send notification of such filing to:

John P. Deckers, Esquire
800 North King Street
Suite 302
Wilmington, DE 19801
johnpdeckers@aol.com

*/s/ Sharon L. Bernardo*