In The United States District Court
For The District of Delaware

United States of America,
                    Plaintiff,

V.                                                    Criminal Action No. 06-13-JJF

Demetrius Brown,
                    Defendant

FILED

JAN - 3 2007
scanned
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Motion to Dismiss

Comes now, the Defendant, Demetrius Brown, by and through his attorney, John P. Deckers, Esquire, and respectfully moves this Honorable Court for a dismissal of the above case based on a violation of the Defendant's right to a speedy trial. In support of the motion, Defendant states the following:

## Procedural History

1. The Defendant voluntarily turned himself in to Wilmington Police on December 30th 2005 to face Federal charges.

2. The Defendant was brought in front of Magistrate Judge Mary Pat Thinge on January 3rd 2006 for Detention Hearing.

3. The Defendant was brought back in front of Mary Pat Thinge on January 10th 2006 for a Detention Hearing and Preliminary Hearing.

4. On Febuary 14th 2006 Defendant was brought back in front of Magistrate Mary Pat Thinge for an arraignment

on above case number which the Defendant
Plead not guilty to both counts.
5. The Defendant's Motion dead-line date
was May 1rst 2006 in which the defendant
filed for Motion to Sever, Motion to Suppres
and Motion to disclose Confidential Informant.

<u>Legal Argument</u>

The Sixth Amendment to the United State.
Constitution addressed the issue of a
speedy trial in the following manner:
   In all criminal prosecutions, the accused
shall enjoy the right to a speedy and
public trial... The Delaware State Constitution
Article I, Section 7 contains virtually the
same language[1].
   The provisions mirror each other and they
provide the same degree of constitution
protection. The calculation as to whether or not
a violation of a Defendant's right to a speedy
trial occurred is a fact-specific analysis.
<u>Barker V. Wingo</u>, 407 U.S. 514 (1972); <u>Skinner V.</u>
<u>State</u>, 575 A.2d, 1108 (Del. Supr. 1990).
   While there is no hard and fast rule, it
is at least clear that the clock begins to
run on the date of the Defendant's arrest.
<u>U.S. V Marion</u>, 404 U.S. 307 (1970); <u>Preston V.</u>
<u>State</u>, 338 A.2d 526. (Del. Supr. 1975). In
this case that would be December 3rd 2005

It is equally apparent that a Defendant had no duty to bring himself to trial: this "right is fundamental and the duty of the charging authority is to provide a prompt trial." Dickey V. Florida, 398, U.S. 30, 38 (1970). The analysis under Barker involves the balancing of the conduct of the State versus that of the Defendant, and focuses on four factors (i) the length of delay in bringing the matter to trial, (ii) the reason for the delay (iii) the Defendants' assertion of his right, and (iv) the existence of any prejudice to the Defendant. Barker, 407 U.S. at 530-531; and Stinner, 575 A.2d at 1115.

The Delaware Supreme Court addressed the right to speedy trial and further defined the Barker four prong test in Middlebrook V. State, 802 A.2d 268 (Del. Supr. 2002). In Middlebrook v. State, the Delaware Supreme Court found the Defendants' right to speedy trial was compromised by an egregious pre-trial delay caused by the Court. "[T] he Barker test 'places the primary burden on the Courts and the prosecutors to assure that cases are brought to trial.'" Id. (quoting Barker, 407 U.S. at 529).

In this case, the delay from the date of arrest, December 30th 2005, to the date of

delay approaches one year, it is presumed that it is prejudicial to the Defendant. <u>Dossett v. United States</u>, 505 U.S. 647, 652 at f.n.1 (1992). (noting that lower courts have generally found post-accusation delay presumptively prejudicial as it approaches at least one year). In addition, the delay is not attributable to the Defendant. There is no specific period of time which is necessary to invoke the right of a speedy trial. The Defendant asserted his right to a speedy trial by the filing of this motion.

The final factor, prejudice, is to be determined in light of the underlying purpose of the guarantee of the right to a speedy trial. In <u>Barker</u>, the Court state This court has identified three such interests: (I) to prevent oppressive pretrial incarceration; (II) to minimize anxiety and concern of the accused; and (III) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a Defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudi

witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown. Barker, 407 U.S. at 532.

In this case, the length of the delay cannot be disputed and meets the threshold requirement set out in Barker. It is also undeniable that the Defendant did not contribute to the delay.

Finally, the State, and not the Defendant, is responsible for the initiation and prosecution of criminal cases through the justice system. State V. Delaware V. Foster, Order, J. Toliver, decided April 27, 1994, ID No. 30906672DI, CA No. IN8910023839. Defendant contends that prejudice did occur as the memories of individuals, including the Defendant, have faded over the passage of time in this case. Defendant asserts that these factors in combination, meet the level of prejudice as recognized in Barker and Middlebrook.

Therefore, the prejudice prong must be weighed in favor of the defense.

### Conclusion

In light of the foregoing analysis, Defendant asserts that the Defendant's right to a

Amendment to the United States Constitution an Article I, Section 7 of the Delaware State Constitution. As such, Defendant respectfully requests that this Court dismiss the charges.

Wherefore, Defendant, respectfully requests that the above-captioned case be dismissed because it violates the Defendants' right to a speedy trial.

Very truely Yours,

Demetrius Brown

Demetrius Brown #338748

H.R.Y.C.I

1301 E. 12th st.

Wilm, DE 19809

X Demetrius Brown

Notary                    12/29/06

CC:
Richard Andrews Esq. 3/12/07
Clerk, U.S. District Court

Demetrius Brown #338748
H.R.Y.C.I
1301 E. 12th St
Wilm, DE 19809

Clerk, U.S. District Court
J. Caleb Boggs Federal Building
844 King St
Wilm, DE 19801