IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
          Plaintiff,               :
                                   :
     v.                            :    Criminal Action No. 06-13 JJF
                                   :
DEMETRIUS BROWN,                   :
                                   :
          Defendants.              :

## MEMORANDUM ORDER

Defendant was Indicted on two counts of possession with

intent to distribute cocaine base in violation of 21 U.S.C. §

841(a) & (b)(1)©.  Count I alleged possession with intent to

distribute more than 50 grams of cocaine base on December 9, 2005,

and Count II alleged possession with intent to distribute an

unspecified quantity of cocaine base on December 14, 2005.  On

April 3, 2007, Defendant pled guilty to Count II of the Indictment

and acknowledged at the Rule 11 hearing that on or about December

14, 2005, he possessed with the intent to distribute 4.3 grams of

cocaine base.  Thereafter, the parties requested the Court to

conduct an evidentiary hearing to determine whether the quantity

of drugs referred to in Count I of the Indictment should be

attributed to Defendant as relevant conduct for the purposes of

establishing his sentencing guideline range under the United

States Sentencing Guidelines ("U.S.S.G.").  Specifically, the

question presented by the parties is whether 77 grams of cocaine

base found on December 9, 2005, in a Chevrolet Lumina in the 2200

FILED

JAN 16 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

block of North Pine Street, should be attributable to Defendant

under U.S.S.G. § 1B1.3.[1]

Briefing on the issue was deferred pending the decision of

the Court of Appeals for the Third Circuit in United States v.

Fisher, 502 F.3d 293 (3d Cir. 2007).  In Fisher, the Third Circuit

concluded that the preponderance of the evidence standard applies

to disputed factual issues relevant to sentencing.

Applying this standard to the evidence and testimony adduced

at the hearing, the Court concludes that the Government has

established by a preponderance of the evidence that the quantity

of drugs found in the Chevrolet Lumina on December 9, 2005, are

attributable to Defendant and should be considered as part of the

same course of conduct as his conviction for the December 14, 2005

offense of possession with intent to distribute cocaine base.  In

reaching this conclusion, the Court credits the testimony of

Rashan Baul that he sold the Lumina to Defendant.  At the time of

the sale, Mr. Baul knew Defendant only by his nickname, "Meter

---

[1]     In pertinent part, "relevant conduct" is described
in U.S.S.G. § 1B1.3 as:

        (1)(A) all acts and omissions committed, aided,
abetted, counseled, commanded, induced, procured, or willfully
caused by the defendant; and . . .

        (2) solely with respect to offenses of a character or
which § 3D1.2(d) would require grouping of multiple counts, all
acts and omissions described in subdivisions (1)(A) and (1)(B)
above that were part of the same course of conduct or common
scheme or plan as the offense of conviction . . . .

Man," and recorded that he "[s]old [the car] to Meter Man on 11/26/05," on the back of the bill of sale.  (D.I. 46 at 100-101; Govt. Exh. 13.)  About a week later Defendant returned to Mr. Baul to get the car repaired because the transmission was slipping. (Id. at 102-103.)  Mr. Baul was also able to readily identify Defendant from a picture line-up as the man to whom he had sold the car.   (Id. at 105-107, 29-33.)

The Court also credits the testimony of Detective Looney regarding the events of December 8 and 9, 2005.  On December 8, 2005, Detective Looney received an informant's tip that a man known as "Meter Man" or "Pack Eater" was selling crack cocaine from a silver Chevrolet Lumina with Delaware temporary tags which was parked in the 2200 block of Pine Street.  (Id. at 7-8.) Detective Looney patrolled the area that evening and observed Defendant, whom he knew by the nickname "Meter Man," enter the driver's side of a Lumina matching the description provided by the informant and drive away in the vehicle.  No other individuals entered the vehicle.  (Id. at 10-16.)  On the evening of December 9, 2005, Detective Looney again observed Defendant standing square to and within inches of the driver's side door of the same Lumina. (Id. at 19.)  Upon observing Detective Looney, Defendant backed way from the car as if trying to distance himself from it. (Id. at 20.)  Detective Looney asked Defendant to identify himself, and Defendant provided Detective Looney with a false name.  Detective Looney knew that Defendant had not provided the

correct name, and asked Defendant why he was lying.  Defendant

referred to some outstanding warrants for his arrest, and

Detective Looney asked Defendant not to run.  Detective Looney put

his car in park, and Defendant fled.  (Id. at 21-22.)

During a foot chase with Defendant, Detective Looney heard

Defendant drop what he believed was a plastic item or items on the

ground.  (Id.)  After an unsuccessful chase, Detective Looney

returned to retrieve the object(s) that Defendant dropped and

found a plastic scale of the type often used by drug dealers to

weigh narcotics for distribution and a green pipe-like substance

in a plastic bag.  (Id. at 22-23.)  Upon returning to the Lumina,

Detective Looney discovered, in plain view, among other items,

numerous clear plastic knotted bags containing a substance later

determined to be cocaine.  (Id. at 24, 3-4; Govt. Exh. 1, 1A.)

In view of the direct evidence establishing Defendant's

ownership of the Chevrolet Lumina in the form of Mr. Baul's

testimony and Detective Looney's observations on the evening of

December 8, 2005[2], as well as the circumstantial evidence

concerning Defendant's admitted prior history of selling cocaine

and crack cocaine; his prior felony drug convictions for

---

[2]    United States v. Iafelice, 978 F.2d 92, 97 (3d
Cir. 1992) (ownership and operation of a vehicle are "highly
relevant facts" in evaluating a defendant's knowledge of and
control over drugs contained in the vehicle, because "[c]ommon
sense counsels that an owner and operator of a vehicle usually
has dominion and control over the objects in his or her vehicle
of which he or she is aware, and usually knows what is in that
vehicle").

maintaining a dwelling for keeping a controlled substance,

trafficking between 5 and 50 grams of cocaine, possessing a

controlled substance within a thousand feet of a school zone, and

selling crack cocaine in the 2200 block of North Pine Street on

December 14, 2005; and Defendant's actions on the evening of

December 9, 2005, including his attempt to distance himself from

the Lumina and his flight from Detective Looney,[3] the Court

concludes that the Government has demonstrated that it is more

likely than not that Defendant was the owner of the Chevy Lumina

and possessed the drugs found inside the Lumina, with the intent

to distribute those drugs.[4]  Defendant directs the Court to

several cases from this Circuit holding that dominion and control

over narcotics for purposes of establishing possession is not

established by mere proximity to or presence on the property where

drugs are located.  However, each of these cases concerns the

higher burden of proof, proof beyond a reasonable doubt, that is

required to sustain a criminal conviction for offenses with a

possession element.  See e.g., United States v. Jenkins, 90 F.3d

---

[3]    United States v. Green, 25 F.3d 206, 210 (3d Cir.
1994) (acknowledging that flight from the scene of a crime is
admissible to prove consciousness of guilt)

[4]    The Court notes that during cross-examination
there was some hesitation on the part of Detective Looney to
confirm that Defendant had dropped the plastic scale during the
foot chase, since Detective Looney did not see the item drop, but
only heard it hit the ground.  In reaching its determination that
the Government has proven the 77 grams of cocaine found in the
vehicle are attributable to Defendant, the Court has not given
this testimony full weight.

814, 818 (3d Cir. 1996) (distinguishing Iafelice in the context of a determining whether sufficient evidence existed to support a conviction for possession with intent to distribute); United States v. Brown, 3 F.3d 673, 680 (3d Cir. 1993) (discussing possession in the context of reviewing a jury verdict for the sufficiency of the evidence and determining whether "'there is substantial evidence from which any rational trier of fact could find guilt beyond a reasonable doubt.'") (emphasis added, citations omitted). In contrast, the burden of proof required to establish relevant conduct is the much lower preponderance of the evidence standard, and on the record here, the Court concludes that for purposes of calculating a sentencing guideline range, the Government has established, by a preponderance of the evidence, that Defendant was responsible for at least 50 grams of cocaine base such that his base offense level should be enhanced to a Level 30 pursuant to U.S.S.G. § 2D1.1(c)(5).

The Court will schedule a sentencing date for Defendant by separate Order.

It is so ORDERED.


    January 16, 2008
            DATE                          UNITED STATES DISTRICT JUDGE